UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JASON R. STRICKLAND          ]
    Plaintiff,               ]
                             ]
v.                           ]        No. 3:11-0441
                             ]        JUDGE HAYNES
SUMNER COUNTY JAIL           ]
    Defendant.               ]

                    O R D E R


    Before the Court is a *pro se* prisoner complaint (Docket Entry

No.1) under 42 U.S.C. § 1983 and an application to proceed *in forma*

*pauperis* (Docket Entry No.2).

    From the application, Plaintiff lacks sufficient financial

resources from which to pay the $350.00 filing fee. Accordingly,

Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. 28

U.S.C. § 1915(a).

    Plaintiff is herewith **ASSESSED** the civil filing fee of

$350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the

custodian of the Plaintiff's inmate trust account at the

institution where he now resides is directed to submit to the Clerk

of Court, as an initial partial payment, whichever is greater of:

    (a) twenty percent (20%) of the average monthly deposits to

the Plaintiff's inmate trust account; <u>or</u>

    (b) twenty percent (20%) of the average monthly balance in the

Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

Plaintiff, an inmate at the Sumner County Jail in Gallatin, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendant Sumner County Jail seeking injunctive relief and damages. Plaintiff challenges the conditions of his confinement and specifically that jail personnel are "forcing religious beliefs upon me and other inmates."

Although a county jail is not a person under 42 U.S.C. § 1983. Rhodes v.McDannel, 945 F.2d 117, 120 (6th Cir. 1991); Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is also not a "person" subject to liability under § 1983), given standard of the liberal construction of pro se pleading, the Court construes the complaint as stating a claim against Sumner County for coerced religious teaching. The Court concludes the complaint states a potential claim upon which relief can be granted under the First Amendment. See Beard v. Banks, 548 U.S. 521 (2006).

The Clerk shall issue process and is directed to send a copy of this order to the Sheriff of Sumner County to ensure that the

custodian of Plaintiff's inmate trust account complies with that
portion of the Prison Litigation Reform Act relating to the payment
of the filing fee.

It is so **ORDERED**.

**ENTERED** this the 24th day of June, 2011.


WILLIAM J. HAYNES, JR.
United States District Judge