IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JASON R. STRICKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:11-00441 |
| | ) | JUDGE HAYNES |
| SUMNER COUNTY JAIL, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff, Jason R. Strickland, an inmate at the Sumner County Jail, filed this action under 42 U.S.C. § 1983 against the Defendant, Sumner County Jail, for violation of his First Amendment rights by "forcing" him to listen to Christian teachings.

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 13) contending that Plaintiff must "show the coercive effect" of the Defendant's action "as it operates against him in the practice of his religion," quoting Mount Elliott Cemetery Ass'n v. City of Troy, 171 F.3d 398, 404 (6th Cir. 1999). The Defendant also cites Moore v. Atherton, 28 Fed. Appx. 803 (10th Cir. 2001) where an inmate complained that prison chaplain praying with inmates at their cell doors violated his First Amendment rights as he was being forced to hear those prayers. On appeal, the Tenth Circuit held:

> In analyzing a free exercise claim we must first determine whether governmental action creates a burden on the exercise of a person's religion. (I)t is necessary in a free exercise case to show the coercive effect of the enactment as it operates against . . . the practice of (their) religion.
>
> (Plaintiff) has not made any argument as to how hearing Christian prayers burdens his own exercise of his religious beliefs. As to this issue, his complaint fails to state a cognizable claim.

Id. Here, Plaintiff does not allege any facts that the exercise of his religion had been subject to

any coercive effects.

In light of City of Troy and Moore, the Court concludes that Plaintiff has failed to state a First Amendment claim. Accordingly, the Defendant's motion to dismiss (Docket Entry No. 13) is **GRANTED** and this action is **DISMISSED with prejudice**.

Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the ___ day of September, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge